UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN WILLIAMS | CIVIL ACTION NO. 12-1143 |
| V. | |
| | JUDGE: |
| SAIA MOTOR FREIGHT LINE, LLC | |
| | MAGISTRATE: |

## COMPLAINT

*JURY TRIAL DEMANDED*

## INTRODUCTION

This action concerns racial discrimination in work assignments and retaliation, giving rise to claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981. Plaintiff also asserts claims pursuant to the Louisiana Employment Discrimination Law and the Louisiana Wage Act.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Venue is appropriate in the Eastern District of Louisiana as the events giving rise to the claim occurred in this judicial district and the defendant resides in this district. 28 U.S.C. § 1391.

## PARTIES

1.

Plaintiff John P. Williams is a domiciliary of Orleans Parish.

2.

Defendant, SAIA Motor Freight Line, LLC, a Louisiana limited liability company domiciled in Baton Rouge, Louisiana.

## FACTS

3.

John Williams was subjected to racial discrimination as an employee of SAIA. Caucasian employees were assigned to move favorable shifts. Murray Parker, Manager, and William Poe, the Operations Manager, assigned shifts. African-American employees routinely drove routes their Caucasian counterparts refused to drive.

4.

In August 2011, Williams complained to Paul Peck, a Vice President, about discrimination in scheduling. SAIA's Human Resources Director, Jim Scoggin and SAIA's Regional Manager were present in this meeting.

5.

After this Complaint about racial discrimination, Murray Parker increased Williams' workload, but cut Plaintiff's work hours. In addition, by virtue of the time Williams was required to report to work, more freight was required to be delivered.

6.

Williams was suspended one week after he complained of race discrimination. This suspension was ostensibly because Williams left a trailer door open while driving. Williams is unaware of driving with a trailer door open at any time. A Caucasian employee who had left a trailer open in March 2011 received no discipline.

7.

Plaintiff Williams injured his arm on August 7, 2011, in part, because of his increased workload. SAIA failed to have a physician evaluate Williams until August 23, 2011.

8.

SAIA terminated Williams' employment on August 26, 2011.  SAIA informed Williams he was terminated because of his work performance, including write-ups by Tony Murdock in Baton Rouge, and because he left his trailer door open in August 2011.

9.

SAIA has failed to pay Williams for earned vacation.  SAIA owes $846 in vacation pay. Williams demanded vacation pay by telephone on or about September 3, 2011.

**EXHAUSTION OF ADMINISTRATIVE REMEDY**

10.

Williams filed a charge of discrimination on August 31, 2011.  A copy of this charge is attached as Exhibit A.

11.

Williams received a Notice of Right to Sue mailed on February 8, 2012.  This action is filed within ninety (90) days of Williams' receipt of his Notice of Right to Sue.

**COUNT I**
**RACE DISCRIMINATION – TITLE VII, 42 U.S.C. § 2000e, *et seq.***

12.

The allegations contained in paragraphs 1 to 11 are incorporated herein by reference as if fully reproduced.

13.

SAIA's discrimination in scheduling, route assignments, and shift assignments violates 42 U.S.C. § 2000e-2, as this discrimination constituted discrimination as to Williams' terms and conditions of employment.

## COUNT II
## RACE DISCRIMINATION – 42 U.S.C. § 1981

14.

The allegations contained in paragraphs 1 to 13 are incorporated herein as if fully reproduced.

15.

SAIA's discrimination based on race violates 42 U.S.C. § 1981.

16.

Williams' employment relationship is a contract for purposes of 42 U.S.C. § 1981.

17.

SAIA discriminated against Williams with respect to the benefits, privileges, terms, and conditions of Williams' employment relationship with SAIA.

## COUNT III
## RETALIATION – TITLE VII, 29 U.S.C. § 2000e-3(a)

18.

The allegations contained on paragraphs 1 to 17 are incorporated herein as if fully reproduced.

19.

SAIA retaliated against Williams by suspending Williams and by terminating Williams' employment, in violation of the anti-retaliation provision of Title VII, 29 U.S.C. § 2000e-3(a).

## COUNT IV
## RACE DISCRIMINATION VII – LOUISIANA EMPLOYMENT DISCRIMINATION LAW, LA R.S. 23:332

20.

The allegations contained in paragraphs 1 to 19 are incorporated herein as if fully reproduced.

21.

SAIA's discrimination based on race violates the Louisiana Employment Discrimination Law, La. R.S. 23:332.

22.

SAIA discriminated against Williams with respect to his terms, conditions, or privileges of employment, in violation of Louisiana law.

## COUNT V
## LOUISIANA WAGE CLAIM – LA. R.S. 23:631 *et seq*.

23.

The allegations contained in paragraphs 1 to 22 are incorporated herein as if fully reproduced.

24.

Despite amicable demand, SAIA has refused to pay Williams his vacation pay, in violation of La. R.S. 23:631 *et seq*.

25.

SAIA is liable for attorney's fees and penalty wages based on this failure to pay Williams' wages due and owing. La. R.S. 23:632.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, SAIA is liable to Williams for the following:

1. Backpay;

2. Reinstatement, or, in the alternative, front pay;

3. Penalty wages;

4. Attorney's fees;

5. Punitive Damages;

6. Emotional distress damages;

7. Any other relief to which Plaintiff is entitled.

Respectfully submitted,

**ROBEIN, URANN,
SPENCER, PICARD & CANGEMI, APLC**


**s/ Christina L. Carroll**
Christina L. Carroll (LA Bar No. 29789)
2540 Severn Avenue, Suite 400 (70002)
Post Office Box 6768
Metairie, Louisiana 70009-6768
Telephone: (504) 885-9994
Facsimile: (504) 885-9969
Email: ccarroll@ruspclaw.com

*Attorney for Plaintiff*


**PLEASE SERVE:**

SAIA Motor Freight Line, LLC
through its agent for service of process
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, Louisiana 70808